**UNITED STATES of America, Appellee,**

v.

**Roosevelt LEWIS, Appellant.**

**No. 75–1469.**

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 22, 1975.

Decided Dec. 19, 1975.

---

Michael S. Alonge, Fairfax, Va. (court-appointed), for appellant.

Elsie M. Powell, Asst. U. S. Atty., for appellee.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Roosevelt Lewis has appealed from his conviction of bank robbery in violation of 18 U.S.C. § 2113(a). Following a hearing outside the jury's presence to determine the voluntariness of Lewis' confession, the trial judge admitted the confession into evidence. The judge also instructed the jury that they should determine whether the confession was voluntary before considering it as evidence. The jury found Lewis guilty as charged, and the judge denied a motion for a new trial.

The sole issue on this appeal concerns the voluntariness of Lewis' confession. The trial court disposed of one group of Lewis' contentions by finding that the confession was not induced by promises or hope of reward. Although an appellate court must determine independently the ultimate issue of voluntariness, *Thomas v. State of North Carolina* (4th Cir. 1971) 447 F.2d 1320, 1322, the findings of the district court as to the facts surrounding the confession are to be accepted unless clearly erroneous, *Wright v. State of North Carolina* (4th Cir. 1973) 483 F.2d 405, *cert. denied,* 415 U.S. 936, 94 S.Ct. 1452, 39 L.Ed.2d 494 (1974). In view of the support in the record, the district court's finding that no improper promises were made was not clearly erroneous.

The remainder of Lewis' argument on appeal resolves into a contention that his confession was coerced by the totality of the circumstances. He contends that the following circumstances detracted from the voluntariness of his confession: (1) His interrogation extended intermittently throughout the night following his arrest at approximately midnight. (2) The policeman to whom he first made incriminating admissions had attempted to ingratiate himself with the defendant by offering Lewis friendly advice and claiming to be from the same part of Florida as Lewis. (3) Another policeman indicated to Lewis that he faced a long night of questioning if he did not confess. (4) Lewis had a reduced capacity generally to deal with police pressures because he was emotionally unstable, because he had a limited education, and because he had only limited experience

**314**

in dealing with police since his only prior contact had been one arrest several years previously. (5) Lewis' resistance to police pressure was particularly low at the time of his confession because he had been drinking before the arrest and he became tired during the several hours of questioning that followed his arrest.

■ The trial court made no specific finding as to the totality of the circumstances, although some evidence of those circumstances was presented at the hearing on the voluntariness of the confession. The court having made no specific findings, its determination that the confession was admissible will be upheld if there is any reasonable view of the evidence to support it. *Scarbeck v. United States* (1962) 115 U.S.App.D.C. 135, 317 F.2d 546, 562, *cert. denied,* 374 U.S. 856, 83 S.Ct. 1897, 10 L.Ed.2d 1077 (1963); *United States v. Montos* (5th Cir. 1970) 421 F.2d 215, 219, cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970).

■ Defendant's contention that his confession resulted from his fatigued condition does not survive close examination. First of all, Lewis testified that he had passed the preceding day relaxing in his apartment. Secondly, his first admission of guilt was made at approximately 2:45 a. m., after less than an hour of questioning. From these facts, it is reasonable to conclude that the immediate circumstances of the confession did not detract from Lewis' ability to make a voluntary statement.[1]

The issue of Lewis' general emotional and educational capacity to confess voluntarily was raised by the motion to suppress, and the trial judge had ample opportunity to observe Lewis and his general capacity during his testimony at the suppression hearing. Although Lewis had not graduated from high school, he had passed a General Educational Development Equivalency test.

The remaining contentions concern the acts of individual policemen. Lewis ap-

pears not to have been prejudiced by the purported threat of interminable questioning since he had already confessed to another policeman, and he never admitted anything to the policeman who is alleged to have made the threat. In regard to the supposed attempt by one policeman to ingratiate himself with Lewis, it is difficult to perceive how overtures of friendship could be so overbearing as to affect defendant's ability to refrain from self-incrimination.

Accordingly, we dispense with oral argument and affirm the judgment of the district court.

---

1. The trial court found that Lewis was fully advised of his rights and the record supports this finding.