Joyce E. HUMBLE; Norman C. Humble; and Clark Humble; Stephen Humble; Jason Humble and Sarah Humble, by their next friend and father, Norman C. Humble, Appellants,

v.

TOYOTA MOTOR COMPANY, LTD.; Toyota Motor Sales, U.S.A., Inc.; Toyota Motor Distributors, Inc.

Arakawa Auto Body Company, Ltd., Appellee.

No. 83–1084.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1983.

Decided Feb. 7, 1984.

---

John L. Riccolo, Wenzel, Piersall, Riccolo, Baker & Estlund, P.C., Cedar Rapids, Iowa, for appellants.

William H. Carmichael, Roger W. Stone, Simmons, Perrine, Albright & Ellwood, Cedar Rapids, Iowa, for appellee Arakawa Auto Body Co., Ltd.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

Joyce Humble and members of her family appeal from a final judgment entered in the District Court[1] for the Northern District of Iowa, dismissing Arakawa Auto Body, Company, Ltd. (Arakawa) as a defendant for lack of in personam jurisdiction, 578 F.Supp. 530. For reversal Humble argues that by placing its products in the stream of commerce with the expectation that they would eventually reach the forum state, Arakawa, a foreign manufacturer, is subject to in personam jurisdiction even though Arakawa has no direct contact with the forum state. For the reasons discussed below, we affirm.

Humble commenced this diversity action for money damages for injuries allegedly sustained in an automobile accident involving a vehicle manufactured in whole or in part by several named manufacturers. Arakawa manufactures front and back seats for sale in Japan to Toyota Motor Company, Ltd. (TMC). These component parts are manufactured according to TMC's design and specifications. TMC installs Arakawa's parts in automobiles manufactured by TMC in Japan. Some of these vehicles are then sold and exported by TMC under the Toyota name to Toyota Motor Sales, U.S.A., a California corporation. From there, the vehicles are sold to various independently owned wholesale distributing companies or to Toyota Motor Distributors, Inc. Finally the automobiles are sold to independent retail dealers for resale to the public.

Arakawa is a Japanese corporation. It is not licensed to do business in the United States nor has it done business in the United States at any time relevant to this case. Arakawa has no office, affiliate, subsidiary, agent, employee, property, bank accounts, telephone listings or business operations in any state in this country. By Humble's own admission, Arakawa's manufacturing process occurs "entirely and wholely" outside of the United States. Arakawa does not advertise or directly solicit any business here. Delivery of all Arakawa's products is made directly to Toyota in Japan. All distribution, marketing and sales decisions concerning the completed Toyota product are made without Arakawa's involvement or participation.

Arakawa filed a motion to dismiss for lack of in personam jurisdiction. In a well-reasoned opinion, the district court granted Arakawa's motion stating that

> [t]he court does not doubt that Arakawa could have forseen that its product would find its way into the United States and Iowa, however, it is doubtful that Arakawa could reasonably have anticipated being haled into court in Iowa. Arakawa has not advertised, solicited any business, or otherwise sought to serve any market in the United States. Arakawa has merely sold its products to TMC in Japan, pursuant to the specifications and design of TMC. The parts made by Arakawa

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

comprise a small portion of the total product, which bears the Toyota name. Although a significant portion of Arakawa's business is attributable to its sales with TMC, it would be manifestly unjust to require Arakawa to defend itself in a foreign country when the allegedly defective product has not been designed, marketed, or placed into the stream of American commerce by Arakawa.

*Humble v. Toyota Motor Co.,* 578 F.2d 530 at 533 (N.D.Iowa 1982) (citations omitted). *Accord World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *De-James v. Magnificence Carriers, Inc.,* 654 F.2d 280, 286 (3d Cir.), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981); *Hutson v. Fehr Bros.,* 584 F.2d 833, 837 (8th Cir.1978), *cert. denied,* 439 U.S. 1118, 99 S.Ct. 573, 58 L.Ed.2d 654 (1979).

After careful examination of the record, we conclude that the district court correctly dismissed Arakawa as a defendant in this case. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir.R. 14.