184 N.J. Super. 447 (1982)
446 A.2d 549
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILLIP PASSAFIUME, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1982.
Decided May 17, 1982.
*448 Before Judges BOTTER, ANTELL and FURMAN.
Cathy L. Wasserman, Assistant Deputy Public Defender, argued the cause for appellant (Stanley C. Van Ness, Public Defender of New Jersey, attorney; Cathy L. Wasserman of counsel and on the brief).
Emily L. Gosnell, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James R. Zazzali, former Attorney General of New Jersey, and Victoria Curtis Bramson, Deputy Attorney General, on the brief).
The opinion of the court was delivered by ANTELL, J.A.D.
Defendant was charged in an indictment with uttering on September 22, 1979 a forged check, in violation of N.J.S.A. 2C:21-1(a)(3). Although the State was unable to prove a forgery its proofs demonstrated that defendant had passed a check drawn upon an account which defendant opened in June 1976 but which had been closed since July 1976. After a nonjury trial he was found not guilty of uttering but was convicted of passing a bad check, in violation of N.J.S.A. 2C:21-5. The judge conceived the latter to be a lesser included offense within the crime *449 of uttering a forged check. Defendant's contention on this appeal is that the charge laid in the indictment did not embrace the offense of which he was found guilty and that the conviction should therefore be reversed. We agree.
N.J.S.A. 2C:1-8(d) authorizes conviction "of an offense included in an offense charged." For the common law doctrine see State v. Saulnier, 63 N.J. 199, 205 (1973). An included offense, so far as pertinent, is defined by N.J.S.A. 2C:1-8(d)(1) as one which "is established by proof of the same or less than all the facts required to establish the commission of the offense charged."
Under N.J.S.A. 2C:21-5 a bad check violation is committed by passing a check "knowing that it will not be honored by the drawee." The statute further provides that in such a prosecution the issuer is presumed to know that the check would not be paid if
a. The issuer had no account with the drawee at the time the check ... was issued; or
b. Payment was refused by the drawee for lack of funds, upon presentation within 30 days after issue, and the issuer failed to make good within 10 days after receiving notice of that refusal.
While uttering a forgery and passing a bad check both require a fraudulent intent, commission of the former occurs where use has been made of a writing which has been altered without authorization or which "purports to be the act of another who did not authorize that act or of a fictitious person." N.J.S.A. 2C:21-1(a)(2). Knowledge that the check will not be honored by the drawee, vital to the bad check offense, need not be proved in a prosecution for uttering a forgery.
Although the uttering of a forged check might be evidence that one charged under the bad check statute knew that the check would not be honored, a charge of uttering does not suffice as notice of the State's intention to prove the guilty knowledge required for passing a bad check. Such notice is necessary to alert a defendant in the preparation of his defense to discover what form the State's proof of guilty knowledge will *450 take. The unfairness of this bad check conviction arises from the fact that defendant, not having been charged with passing a bad check, was never given reason to pursue any inquiry that might have revealed the State's intention to shift its theory from one involving the use of a forged instrument to another involving the use of a nonexistent bank account.
The circumstances leave no doubt that defendant was convicted of an offense with which he had not been charged, and which was not embraced by the offense charged. See State v. Wein, 80 N.J. 491, 497 (1979); State v. Williamson, 54 N.J. Super. 170, 185-86 (App.Div.), aff'd 31 N.J. 16 (1959).
Reversed.