STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RICHARD WHITEHEAD, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted August 12, 1985—Decided August 16, 1985.

Before Judges SIMPSON and GAYNOR.

*Thomas S. Smith,* Acting Public Defender, attorney for appellant (*Peter B. Meadow,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*John H. Stamler,* Union County Prosecutor, attorney for respondent (*Mark D. Imbriani,* Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

SIMPSON, P.J.A.D.

Defendant appeals from his conviction, after a trial by jury, of the first degree crime of aggravated sexual assault (*N.J.S.A.* 2C:14–2a(4)) of D.D. on October 21, 1982. He was found not guilty of the third degree crime of possession of a knife with a purpose to use it unlawfully against D.D. (*N.J.S.A.* 2C:39–4d).

The operative facts, for purposes of this appeal, are not disputed except that defendant in his statement to the police claimed that D.D. had intercourse with him consensually. D.D. testified that defendant raped her and forced her to perform fellatio upon him, under a threat to kill her with a knife. In seeking a reversal of his conviction and a new trial, defendant contends that:

POINT I—THE PROSECUTOR'S REMARKS IN SUMMATION DENIED THE DEFENDANT DUE PROCESS. (Not Raised Below).

POINT II—THE TRIAL JUDGE ABUSED HIS DISCRETION IN RULING THAT DEFENDANT'S PRIOR CONVICTION FOR A SIMILAR OFFENSE WOULD BE ADMISSIBLE AT TRIAL IF DEFENDANT TESTIFIED, IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS............

## I.

As the point heading from defendant's brief suggests, there was no objection at the trial to the prosecutor's summation. We must therefore disregard any error on appeal unless it constitutes plain error clearly capable of producing an unjust result. *R.* 2:10–2; *State v. Macon,* 57 *N.J.* 325, 337 (1971). Our careful review of the record satisfies us that this contention is clearly without merit. *R.* 2:11–3(e)(2). The prosecutor's summation was fair comment within the evidence and the legitimate inferences therefrom. *State v. Mayberry,* 52 *N.J.* 413, 437 (1968), *cert.* den. 393 *U.S.* 1043, 89 *S.Ct.* 673, 21 *L.Ed.*2d 593 (1969).

## II.

After the State rested, defense counsel requested a court ruling that the prosecutor be precluded from cross-exam-

ining defendant, if he testified in his own defense, as to two 1979 and 1981 weapons convictions. Such evidence is admissible, pursuant to *N.J.S.A.* 2A:81–12, to affect the credibility of a witness. The trial judge may exclude such evidence, however, pursuant to *Evid.R.* 4 if its probative value is substantially outweighed by the risk that its admission will create substantial danger of undue prejudice. *State v. Balthrop,* 92 *N.J.* 542, 544 (1983). The determination rests within the sound discretion of the trial judge. *State v. Sands,* 76 *N.J.* 127, 144 (1978).

In this case the trial judge ruled that the prior convictions could be used to affect defendant's credibility and defendant chose not to testify. Although he was acquitted of the present weapons charge, defendant now contends that the trial court ruling constituted a *"de facto* preclusion of [his] testifying [that] operated to deny him a fair trial in violation of the United States and New Jersey Constitutions." The State urges us to decline to review the trial judge's ruling because the defendant did not testify. We are asked to follow the holding of a unanimous United States Supreme Court in *Luce v. United States,* —— U.S. ——, 105 *S.Ct.* 460, 83 *L.Ed.*2d 443 (1984), that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." In resolving conflicts among the Circuit Courts of Appeals, the *Luce* holding was directed to Federal Rule of Evidence 609(a), which in relevant part is similar to our New Jersey rule in that prior conviction evidence may be used to attack credibility where "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant."

■ The rationale of Chief Justice Burger's opinion in *Luce* is persuasive. Weighing the probative value of a prior conviction against the prejudicial effect to a defendant is a difficult matter of balancing that is wholly speculative in the absence of a complete record of defendant's testimony, the scope of cross-examination and the possible impact of an impeachment on a

jury's verdict. An accused's decision whether to testify seldom turns on the resolution of one factor. Requiring a defendant to testify to preserve a claim that a prior conviction was erroneously held admissible will discourage "Sands" motions made solely to plant reversible error in the event of conviction. Accordingly, we hold that a trial court's discretionary ruling under *Evid.R.* 4 to permit use of a criminal conviction to attack credibility pursuant to *N.J.S.A.* 2A:81–12 is not reviewable on appeal unless the defendant testified at the trial. Since the defendant did not testify in this case, the trial court's discretionary ruling in this case is not reviewable.

Affirmed.