STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
RICHARD WHITEHEAD, DEFENDANT-APPELLANT.

Argued March 17, 1986—Decided November 19, 1986.

*Peter B. Meadow,* Assistant Deputy Public Defender, argued
the cause for appellant (*Thomas S. Smith, Jr.,* Acting Public
Defender, attorney).

*Mark D. Imbriani,* Assistant Prosecutor, argued the cause
for respondent (*John H. Stamler,* Union County Prosecutor,
attorney).

*John G. Holl,* Deputy Attorney General, argued the cause for
*amicus curiae,* Attorney General of New Jersey (*W. Cary
Edwards, Jr.,* Attorney General, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

This case questions whether a defendant must testify at trial to preserve his right to appeal the trial court's determination that the defendant's prior convictions may be used to impeach him if he testifies. In the present case, the defendant requested the Law Division to conduct a hearing in accordance with *State v. Sands*, 76 *N.J.* 127 (1978), to determine whether two prior convictions could be used on cross-examination to impeach defendant's credibility. After conducting a *"Sands* hearing," the court ruled that the convictions could be so used. Defendant declined to testify, and was convicted of aggravated sexual assault. The Appellate Division affirmed the conviction, ruling that because defendant did not testify, the trial court's ruling was not reviewable on appeal. 203 *N.J.Super.* 509, 513 (1985). We granted certification, 102 *N.J.* 331 (1985), and now reverse the judgment of the Appellate Division.

–I–

In 1982, defendant was indicted for aggravated sexual assault, *N.J.S.A.* 2C:14–2(a)(4), and possession of a weapon with an unlawful purpose, *N.J.S.A.* 2C:39–4(d). According to the victim, defendant forced her at knifepoint to enter a garage and engage in various sexual acts with him. The defense was that the victim consented to those acts.

Defendant had been convicted of possession of a weapon in 1979 and again in 1981. In permitting the prosecutor to use those convictions for impeachment purposes, the trial court ruled that the prior convictions were not remote in time, and that an instruction "as to the limited use of those convictions" would cure any "problems" that might arise because of the similarity between the prior weapons convictions and the weapons offense for which defendant was on trial. Defendant decided not to testify, and the jury found him guilty of aggravated sexual assault, but not of the unlawful possession of a weapon. On appeal, defendant contends that the trial court

abused its discretion in ruling that the prior convictions were admissible to impeach his credibility.

Until the decision of the Appellate Division under review, the standard appellate practice in this state had been to review a trial court's *Sands* ruling even if the defendant did not testify at trial. In refusing to follow that practice, the Appellate Division relied on *Luce v. United States,* 469 *U.S.* 38, 42, 105 *S.Ct.* 460, 464, 83 *L.Ed.*2d 443, 448 (1984), which held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." Looking to the Rules of Evidence, the Appellate Division ruled "that a trial court's discretionary ruling under *Evid.R.* 4 to permit use of a criminal conviction to attack credibility pursuant to *N.J.S.A.* 2A:81–12 is not reviewable on appeal unless the defendant testified at the trial." 203 *N.J.Super.* at 513. Because the defendant did not testify, the Appellate Division held that the trial court's ruling to permit use of the prior convictions was not reviewable. *Id.*

–II–

Before *Luce,* the federal circuit courts disagreed over the admissibility of prior convictions for impeachment purposes under Federal Rule of Evidence 609(a).[1] The vast majority of the circuit courts allowed non-testifying defendants to appeal the trial court's determination that their prior convictions would be admissible for impeachment purposes. *See, e.g., United States v. Kuecker,* 740 *F.*2d 496, 499 n. 1 (7th Cir.1984); *United*

---

[1] Rule 609 (a) states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudical effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

*States v. Lipscomb,* 702 *F*.2d 1049, 1069 (D.C.Cir.1983); *United States v. Kiendra,* 663 *F*.2d 349, 352 (1st Cir.1981); *United States v. Provenzano,* 620 *F*.2d 985, 1002 n. 22 (3d Cir.), *cert. denied,* 449 *U.S.* 899, 101 *S.Ct.* 267, 66 *L.Ed.*2d 129 (1980); *United States v. Toney,* 615 *F*.2d 277, 279 (5th Cir.), *cert. denied,* 449 *U.S.* 985, 101 *S.Ct.* 403, 66 *L.Ed.*2d 248 (1980); *United States v. Cavender,* 578 *F*.2d 528 (4th Cir.1978). Other circuit courts that did not require defendants to testify established procedural requirements for preservation of the defendant's appeal. The Ninth Circuit Court of Appeals, for example, required:

> a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609.

*United States v. Cook,* 608 *F*.2d 1175, 1186 (9th Cir.1979), *cert. denied,* 444 *U.S.* 1034, 100 *S.Ct.* 706, 62 *L.Ed.*2d 670 (1980); *accord United States v. Washington,* 746 *F*.2d 104, 106 (2d Cir.1984); *United States v. Burkhead,* 646 *F*.2d 1283, 1286 (8th Cir.), *cert. denied,* 454 *U.S.* 898, 102 *S.Ct.* 399, 70 *L.Ed.*2d 214 (1981). By comparison, the Tenth Circuit required merely that the defendant make a commitment to testify. *United States v. Halbert,* 668 *F*.2d 489, 493–94, (10th Cir.) *cert. denied,* 456 *U.S.* 934, 102 *S.Ct.* 1989, 72 *L.Ed.*2d 453 (1982). Only the Sixth Circuit had held that "the better rule is to require that the defendant testify and the impeaching conviction be admitted before an appellate court will review for reversible error." *United States v. Luce,* 713 *F*.2d 1236, 1239 (6th Cir.1983), *aff'd,* 469 *U.S.* 38, 105 *S.Ct.* 460, 83 *L.Ed.*2d 443 (1984); *State v. LeBlanc,* 612 *F*.2d 1012 (6th Cir.1980), *cert. denied,* 449 *U.S.* 849, 101 *S.Ct.* 137, 66 *L.Ed.*2d 60 (1980).

In *Luce,* the United States Supreme Court initially noted that Rule 609(a)(1) directs trial courts "to weigh the probative value of a prior conviction against the prejudicial effect to the defendant" to determine whether the conviction may be used for impeachment purposes. 469 *U.S.* at 40, 105 *S.Ct.* at 463, 83

*L.Ed.*2d at 447. According to the Court, the absence of defendant's testimony deprives the trial court of information that is essential for weighing the probative value against the prejudicial effect of the use of the conviction and also handicaps an appellate court in reviewing the trial court's decision. *Id.* Without the defendant's testimony, the Court continued, harm to the defendant is speculative. *Id.* In addition, the Court found that the defendant's failure to testify prevented a reviewing court from determining whether the trial court's error was harmless. Hence, the Court concluded that a defendant must testify to preserve a claim of error under Rule 609(a). *Id.*

Although *Luce* controls federal appeals, state courts, in reliance on their own evidentiary rules and procedures, may adopt a different rule. *See, e.g., People v. Burns,* 184 *Cal.App.*3d 203, 212, 219 *Cal.Rptr.* 814, 819 (1985), *review granted,* —— *Cal.*3d ——, 223 *Cal.Rptr.* 266, 713 *P.*2d 1196 (1986); *State v. Garza,* 109 *Idaho* 40, 45, 704 *P.*2d 944, 949 (1985); *People v. Contreras,* 108 *A.D.*2d 627, 628, 485 *N.Y.S.*2d 261, 263 (1985); *State v. McClure,* 298 *Or.* 336, 342, 692 *P.*2d 579, 584 n. 4 (1984). Nonetheless, some state courts have adopted the *Luce* rule, holding that defendants must testify to preserve their right to appeal a trial court's determination that their prior convictions are admissible for impeachment purposes. *See State v. Allie,* 147 *Ariz.* 320, 327, 710 *P.*2d 430, 437 (1985); *State v. Garza, supra,* 109 *Idaho* at 45, 704 *P.*2d at 949; *State v. Glenn,* —— *S.C.* ——, ——, 330 *S.E.*2d 285, 286 (1985); *State v. Means,* 363 *N.W.*2d 565, 569 (S.D.1985).

Other state courts, however, have not imposed such a requirement. *See People v. Contreras, supra,* 108 *A.D.*2d at 628, 485 *N.Y.S.*2d at 263; *State v. McClure, supra,* 298 *Or.* at 342, 692 *P.*2d at 584 n. 4. For example, the Oregon Supreme Court declared that courts do not need the defendant's testimony to determine if the probative value of admitting evidence of a prior conviction outweighs its prejudicial effect on the defendant. *State v. McClure, supra,* 298 *Or.* at 355, 692 *P.*2d at 592. In most cases, the trial court should make the determination

from an offer of proof in a pretrial motion without testimony from the defendant. *Id.* at 340, 692 *P.*2d at 583. The Oregon Court declined to require that defendants testify to preserve for review the claim of improper impeachment with a prior conviction. *Id.* at 342 n. 4, 692 *P.*2d at 584 n. 4.

In New Jersey, the admissibility of prior convictions for impeachment purposes is governed by the interplay between *N.J.S.A.* 2A:81–12 and Evidence Rule 4. *N.J.S.A.* 2A:81–12 provides that "[f]or the purpose of affecting the credibility of any witness, \* \* \* his conviction of any crime may be shown by examination or otherwise, and his answer may be contradicted by other evidence." Although this Court has not adopted a Rule of Evidence that is comparable to the statute, Evidence Rule 4 prescribes that a "judge may in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will either (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury." Thus, the determination "whether a prior conviction may be admitted into evidence against a criminal defendant rests within the sound discretion of the trial judge." *State v. Sands, supra,* 76 *N.J.* at 144. We have instructed trial courts that, in exercising their discretion, "[o]rdinarily evidence of prior convictions should be admitted and the burden of proof to justify exclusion rests on the defendant." *Id.*

In practice, the trial court makes its determination at a hearing held before trial or, if at trial, out of the presence of the jury. If the court rules that the conviction may be used for impeachment purposes, the defendant can make an informed decision whether to testify, a decision that can be critical to defense strategy. *See, e.g., United States v. Lipscomb, supra,* 702 *F.*2d at 1069; *United States v. Cook, supra,* 608 *F.*2d at 1183; *United States v. Cavender, supra,* 578 *F.*2d at 530 n. 5; *Apodaca v. People,* —— *Colo.* ——, ——, 712 *P.*2d 467, 473 (1985); *People v. Sandoval,* 34 *N.Y.*2d 371, 374–75, 357 *N.Y.S.* 2d 849, 853–54, 314 *N.E.*2d 413, 416–17 (1974); *State v.*

*McClure, supra,* 298 *Or.* at 340, 692 *P.*2d at 583; 3 J. Weinstein & M. Berger, *Weinstein's Evidence,* ¶ 609[05] at 609–81 to –82.

In some circumstances, forcing a defendant to testify needlessly exposes him to cross-examination on prior convictions and to the risk that the jury might "improperly use a prior conviction as evidence of defendant's criminal propensity." *State v. Sands, supra,* 76 *N.J.* at 142 n. 3. To neutralize that risk, "[w]e have instructed trial judges to explain carefully the limited purpose of prior conviction evidence." *Id.* Nonetheless, we concur with those courts that have concluded that it is unfair to decline to review a trial court's decision unless the defendant takes the stand. *See People v. Contreras, supra,* 108 *A.D.*2d 627, 485 *N.Y.S.*2d 261; *State v. McClure, supra,* 298 *Or.* 336, 692 *P.*2d 579. In *Sands* itself, for example, we reviewed the trial court's decision to allow prior convictions to be used for impeachment purposes even though the defendant did not testify at trial. Defendant's testimony is unnecessary for a trial court to make the discretionary determination on the admissibility of prior convictions and, as the State concedes, it is also unnecessary for an appellate court to review the trial court's exercise of discretion.

We acknowledge that an appellate court would be better informed to review the impact of impeachment on the basis of prior convictions if the defendant testified at trial. Moreover, we are aware of the difficulty of characterizing as harmless a trial court's error in ruling that the defendant's prior convictions may be used for impeachment purposes. In this regard, the United States Supreme Court has stated that almost any error would result in automatic reversal because "the appellate court could not logically term 'harmless' an error that presumptively kept the defendant from testifying." *Luce v. United States, supra,* 469 *U.S.* at 42, 105 *S.Ct.* at 464, 83 *L.Ed.*2d at 448; *see, e.g., United States v. Cook, supra,* 608 *F.*2d at 1191 (Sneed, J., concurring in part & dissenting in part); *United States v. Cavender, supra,* 578 *F.*2d at 534–35; *People v. Burns, supra,* 184 *Cal.App.* 3d at 211–13, 219 *Cal.Rptr.* at

818–19. That statement raises a concern about the potential effect on judicial administration if defendants may challenge a trial court's ruling without having testified at trial.

Our experience with appellate review of *Sands* rulings, however, leads us to conclude that the concern is misplaced, at least insofar as its effect on the administration of justice in this state is concerned. A review of the reported decisions in this state since *Sands* does not reveal any decision in which an appellate court has reversed a conviction because a trial court erroneously ruled that prior convictions could be used to impeach a defendant. One appellate decision resulted in a reversal of a conviction because the trial court did not permit prior convictions of a state's witnesses to be used for impeachment purposes. *State v. Balthrop*, 92 *N.J.* 542 (1983). We conclude that appellate review of trial court *Sands* rulings has not imposed any undue burden on the judicial system. In sum, our present practice is working well, and we are disinclined to change it.

Nor do we see any need to require the defendant either to commit himself to testify if the trial court rules that his prior conviction may be used for impeachment purposes or to outline his testimony to preserve the right to appeal. *See United States v. Cook, supra,* 608 *F.*2d at 1186. The requirement that the defendant commit himself to testify to obtain appellate review is unenforceable. *See, e.g., Luce v. United States, supra,* 469 *U.S.* at 42, 105 *S.Ct.* at 464, 83 *L.Ed.*2d at 448; *United States v. Fountain,* 642 *F.*2d 1083, 1087 n. 3 (7th Cir.), *cert. denied,* 451 *U.S.* 993, 101 *S.Ct.* 2335, 68 *L.Ed.*2d 854 (1981); *United States v. Cook, supra,* 608 *F.*2d at 1189 (Kennedy, J., concurring in part & dissenting in part). Such a requirement would merely penalize unsophisticated or ill-advised defendants who are unaware that they could later decide not to testify. *See United States v. Lipscomb, supra,* 702 *F.*2d at 1069; *United States v. Fountain, supra,* 642 *F.*2d at 1087 n. 3. When a defendant seeks an advance ruling to preclude the introduction of his prior convictions for impeachment purposes, it is reasonable to presume that he would have testified had his

motion been granted. *See United States v. Kuecker, supra,* 740 *F.*2d at 499 n. 1; *United States v. Kiendra, supra,* 663 *F.*2d at 352; *cf. United States v. Lipscomb, supra,* 702 *F.*2d at 1069 (court noted that it is reasonable to presume that advance ruling on admissibility of prior convictions is important factor in defendant's decision whether to testify); *United States v. Cook, supra,* 608 *F.*2d at 1184 n. 6 (court noted that the House Committee on the Judiciary "thought it safe to say, that more defendants will testify if prior convictions are kept from the jury than if the prior convictions are to be revealed").

Likewise, the requirement that a defendant outline his testimony through an offer of proof is beset with pitfalls. Aside from the potential unconstitutionality of requiring a defendant to make an advance offer of proof, *see United States v. Cook, supra,* 608 *F.*2d at 1190 (Kennedy, J., concurring in part & dissenting in part), the requirement is unmanageable. As noted by the United States Supreme Court, a defendant's proffer of testimony is inappropriate because "his trial testimony could, for any number of reasons, differ from the proffer." *Luce v. United States, supra,* 469 *U.S.* at 41 n. 5, 105 *S.Ct.* at 463 n. 5, 83 *L.Ed.*2d at 447 n. 5. The nature and scope of the proffer, as well as the prosecutor's use of defendant's proffered testimony, if he testifies, for impeachment purposes at trial, raise thorny questions about the extent to which the state can cross-examine the defendant and use the defendant's testimony at trial. *United States v. Toney, supra,* 615 *F.*2d at 282. Moreover, requiring the defendant to make an offer of proof exposes him to the tactical disadvantage of prematurely disclosing his testimony. *See United States v. Luce, supra,* 713 *F.*2d at 1241 n. 4; *United States v. Cook, supra,* 608 *F.*2d at 1190 (Kennedy, J., concurring in part & dissenting in part). In light of the significant problems caused by requiring a defendant to describe his testimony before trial, a defendant should not be required to make an advance offer of proof.

In our judgment, based on our interpretation of *N.J.S.A.* 2A:81–12 and Evidence Rule 4, we conclude that a defendant

need not testify at trial to obtain appellate review of a trial court's ruling that the defendant's convictions may be used for impeachment purposes.  Because we find that the defendant is entitled to such review under the rules of evidence, we need not consider defendant's constitutional arguments.

The judgment of the Appellate Division is reversed, and the matter is remanded to that court to review the ruling of the Law Division that defendant's prior convictions could be used for impeachment purposes.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.