■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST WELCOME, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J., at hearing, trial and sentence), rendered on May 5, 1988, which convicted defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentenced him to an indeterminate prison term of 2 to 4 years, unanimously affirmed.

At the suppression hearing, one of the arresting officers testified that a woman had come into the Second Precinct station house while he was on duty and explained that she had been in a fight with her boyfriend, but declined to press charges. Twice, the defendant entered the station house in a state of intoxication and rage, screaming at the woman (whose name was never obtained). On each occasion, police officers removed the defendant from the station house. After the second time, the woman confided to one of the arresting officers that the man had a gun. This officer obtained the assistance of a detective. The two went out onto the street, where they saw the defendant coming toward the station house. When the defendant saw the two officers, he turned to walk the other way. One of the officers stopped the defendant, while the other recovered the weapon from the defendant's waistband.

The officers had a reasonable suspicion justifying their stop of the defendant, on the basis of a face-to-face tip with the specific information *(People v Castro,* 68 NY2d 850, 851) and on the basis of the defendant's attempted flight *(People v Hill,* 127 AD2d 144, *appeal dismissed* 70 NY2d 795). Accordingly, the denial of the suppression motion was proper.

On summation, the prosecutor argued that the woman was critical to the People's case because there was an existing relationship between her and the defendant and because she was the reason the defendant was returning for a third entry into the station house. This tended to suggest that the defendant was on his way back to the station house intending to use the gun on the woman, an inference that was irrelevant to the charge of weapon possession. Nonetheless, the prosecutor's remarks were not flat statements of fact unsupported by

admitted evidence *(cf., People v Contreras,* 108 AD2d 627, 629). Further, to the extent that the District Attorney's comments may have been inappropriate, the error must be deemed harmless in view of the overwhelming evidence of defendant's guilt *(People v Crimmins,* 36 NY2d 230, 242). Concur—Sullivan, J. P., Ross, Rosenberger and Ellerin, JJ.