■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT GRANT, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J., at suppression hearings, trial and sentence), rendered on April 28, 1989, convicting defendant, after a jury trial, of robbery in the second degree, attempted robbery in the second degree and robbery in the third degree and sentencing him, as a predicate felon, to concurrent indeterminate terms of from 3½ to 7 years' imprisonment on the second degree robbery count and from 2½ to 5 years' imprisonment on the remaining counts, unanimously affirmed.

The hearing court correctly ruled that the showup at which complainant Kuykendall identified defendant, having been promptly conducted near the crime scene, was proper *(People v Riley,* 70 NY2d 523, 529). Also, the hearing court's *Sandoval* ruling, permitting inquiry into defendant's 1980 and two 1982 convictions for selling controlled substances, while prohibiting inquiry into three youthful offender adjudications, two convictions in 1972 and 1973 for trespass, and a 1976 conditional discharge conviction, was an appropriate exercise of discretion *(People v Mayrant,* 43 NY2d 236, 239; *People v Greer,* 42 NY2d 170, 176; *People v Contreras,* 108 AD2d 627, 628). Defendant's challenge to the prosecutor's summation is largely unpreserved as a matter of law because of a failure to timely object (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641), and, in any event, the prosecutor did not demonstrate a persistent, egregious course of conduct that was deliberate and reprehensible *(People v Sandy,* 115 AD2d 27, 28). Similarly, defendant's claim that the officers' testimony impermissibly bolstered the complainants' identification testimony is unpreserved as a

288

matter of law, and does not warrant review in the interests of justice. Finally, any errors were harmless in view of the overwhelming evidence of guilt *(People v Crimmins,* 36 NY2d 230, 237). Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.