Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                              No. 03-4259

TERRANCE LEROY FISHER,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CR-02-103)

Submitted: February 9, 2004

Decided: March 1, 2004

Before WIDENER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Winnie Jordan Reaves, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Terrance Leroy Fisher appeals his conviction and sentence for five counts of willfully and intentionally distributing cocaine base in violation of 18 U.S.C. § 841(a) (2000). Fisher raises several issues on appeal. We affirm.

Fisher asserts that remarks made by the Government during closing arguments expressed the prosecutor's personal opinion about the weight of the evidence and the veracity of witnesses and included an improper comment about Fisher's failure to testify. This Court reviews de novo a claim of prosecutorial misconduct. *See United States v. Ellis*, 121 F.3d 908, 927 (4th Cir. 1997). Even if the two remarks that are challenged on appeal are construed as improper, Fisher does not, and cannot, demonstrate they misled the jury or prejudiced the defense. The issue of credibility was raised by the defense in closing argument, the remarks were not extensive, and there was overwhelming proof of Fisher's guilt. Also, there is no evidence the Government made the comments to divert attention from the evidence. *United States v. Adam*, 70 F.3d 776, 780 (4th Cir. 1995). The language was not intended to be, nor could the jury have naturally and necessarily taken it to be, a comment on the failure of Fisher to testify. *United States v. Whitehead*, 618 F.2d 523, 527 (4th Cir. 1980). Finally, the district court gave a proper instruction that remarks by counsel were not evidence. *See United States v. Cornett*, 232 F.3d 570, 574 (7th Cir. 2000). We find no error resulted from the comments by the Government in closing arguments.

Fisher asserts the district court abused its discretion in its denial of his motion to use convictions more than ten years old to impeach a Government witness. *See United States v. Carter*, 300 F.3d 415, 423-24 (4th Cir. 2002). Fisher did not attempt to show specific facts establishing that the probative value of the witness' convictions substan-

tially outweighed the prejudicial effect of introducing the convictions. *United States v. Cavender*, 578 F.2d 528, 531-32 (4th Cir. 1978); Fed. R. Evid. 609(b). We find this claim meritless.

Finally, Fisher argues the district court relied on insufficient and unreliable evidence to determine he was responsible for 220.7 grams of cocaine base for sentencing purposes. A sentencing court's findings regarding the quantity of controlled substances are factual and will be overturned on appeal only if clearly erroneous. *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994). The presentence report relied on the quantity of drugs purchased in controlled buys and the debriefing of a confidential informant who engaged in controlled buys with Fisher and testified at trial about those transactions. Although the informant's testimony at trial was not as detailed as the recounting solicited during the debriefing, it was not contrary to his trial testimony. We find the district court's adoption of the presentence report's computation of quantity was not clearly erroneous. *See United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996); *United States v. Uwaeme*, 975 F.2d 1016, 1018-19 (4th Cir. 1992).

We therefore affirm Fisher's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*