**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4536**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE LEROY FISHER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:02-cr-103-BR)

_____

Submitted:  February 23, 2007          Decided:  March 19, 2007

_____

Before WIDENER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Geoffrey Wuensch Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance L. Fisher appeals his sentence following remand[1] on his conviction on five counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Fisher to concurrent 211-month terms of imprisonment and concurrent three-year terms of supervised release.[2] Fisher's sole issue on appeal is whether the sentence imposed by the district court was reasonable. Finding no reversible error, we affirm.

This court reviews the imposition of a sentence for reasonableness. Booker, 543 U.S. at 260-61; Hughes, 401 F.3d at 546-47. After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Id. A

---

[1]Following our affirmance of Fisher's conviction and sentence, United States v. Fisher, No. 03-4259, 2004 WL 370240 (4th Cir. Mar. 1, 2004) (unpublished), his petition for certiorari was granted by the United States Supreme Court, and his case was remanded to us for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). Fisher v. United States, 543 U.S. 1099 (2005). We remanded Fisher's case to the district court for resentencing, pursuant to our decision in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). United States v. Fisher, No. 03-4259, 2006 WL 521713, *1 (4th Cir. Mar. 3, 2006) (unpublished).

[2]The district court originally sentenced Fisher to concurrent 235-month terms of imprisonment, concurrent three-year terms of supervised release, and an $8500 fine.

sentence within the proper advisory guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Fisher only after considering the factors set forth in § 3553(a), and Fisher's arguments based on those factors. The district court stated that it was imposing sentence in accordance with Booker, and noted that it was sentencing Fisher in the middle of the advisory guideline range based on Fisher's criminal history. There is nothing in the record to support Fisher's claim that the district court failed to consider either his arguments for a lower sentence or that it failed in its duty to consider the § 3553(a) factors. There is no evidence that the sentence is procedurally or substantively unreasonable. We find Fisher's sentence to be reasonable.

We therefore affirm Fisher's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED