**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4420**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARYL W. SMITH, a/k/a D-Nice,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr., District Judge. (CR-03-39)

———————————

Submitted: May 25, 2005          Decided: July 11, 2005

———————————

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

———————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Kevin T. Tipton, CLAGETT, GOREY, CASTEEL & TIPTON, P.L.L.C., Fairmont, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Daryl W. Smith appeals his convictions and 360-month sentence for possession with intent to distribute five or more grams of cocaine base, conspiracy to distribute fifty or more grams of cocaine base, and aiding and abetting the distribution of cocaine base within 1000 feet of a playground. Finding no error in Smith convictions, we affirm the convictions. However, because the district court's imposition of sentence violated Smith's Sixth Amendment right to trial by jury, we vacate the sentence and remand for further proceedings.

Smith claims that the district court erred by denying his motion for mistrial after one of the jurors made an inappropriate comment during deliberations. The decision of whether to grant a motion for a mistrial is left to the broad discretion of the trial court. United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997). Under the circumstances of this case, we see no abuse of discretion. The jury promptly suspended deliberations when the comments were made and referred the matter to the court. The court voir dired each juror individually and determined each was willing to consider all of the evidence fairly and impartially. Finally, the court dismissed the offending juror before allowing the jury to

return to deliberations.  Under these circumstances we find no error.[1]

Smith next claims the district court erred by refusing to allow him to impeach a Government witness with a fourteen year old bribery conviction.  Relevant prior convictions may be used for impeachment purposes subject to certain limitations. Fed. R. Evid. 609(a).  These limitations preclude the use of a conviction more than ten years old except where the probative value of such a conviction substantially outweighs its prejudicial value.  Fed. R. Evid. 609(b).  This case does not involve the sort of rare and exceptional circumstances that would warrant use of the conviction at issue for impeachment.  See United States v. Cavender, 578 F.2d 528, 531 (4th Cir. 1978).

Smith also claims he was denied his Sixth Amendment right to confront witnesses by the district court's ruling that effectively precluded him from impeaching Government witnesses with memoranda of interviews completed by Government agents.  Smith asserts the material falls within the scope of the Jencks Act, 18 U.S.C. § 3500 (2000).  This court has repeatedly held that such memoranda fall outside the scope of  the Jencks Act unless adopted by the witness.  See United States v. Roseboro, 87 F.3d 642, 645

---

[1]To the extent Smith assigns error to the district court's decision to allow the jury to continue deliberations with eleven jurors, we find no error.  See United States v. Fisher, 912 F.2d 728, 733 (4th Cir. 1990).

(4th Cir. 1996); United States v. Hinton, 719 F.2d 711, 722 (4th Cir. 1983). Smith concedes no such adoption was made. Furthermore, the court did not err in precluding Smith from providing the witnesses with copies of the memoranda in order that they could adopt or reject the memoranda as their own statements. Accordingly, we find no error.

Finally, Smith claims that the district court's imposition of sentence violates his Sixth Amendment right to trial by jury. Because we conclude that the district court's application of the Sentencing Guidelines resulted in an increase to Smith's Guidelines range on the basis of facts not found by the jury beyond a reasonable doubt, we agree.[2] See United States v. Booker, 125 S. Ct. 738 (2005); United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Accordingly, we vacate Smith's sentence and remand for further proceedings consistent with Booker and Hughes.[3] We affirm

---

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Smith's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[3]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that

- 4 -

Smith's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>

---

sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.