**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4730**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARYL W. SMITH, a/k/a D-Nice,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Frederick P. Stamp, Jr., District Judge. (1:03-cr-00039-FPS)

---

Submitted: December 20, 2006      Decided: February 6, 2007

---

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

L. Richard Walker, Assistant Federal Public Defender, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daryl W. Smith was convicted in 2003 of conspiracy to distribute more than fifty grams of cocaine base (crack) (Count 1), aiding and abetting the distribution of crack within 1000 feet of a playground (Count 29), and distribution of more than five grams of crack (Count 30). He was sentenced to a term of 360 months imprisonment. We affirmed Smith's convictions, but remanded his case for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Smith, 138 F. App'x 557 (4th Cir. 2005) (No. 04-4420). On remand, the district court reimposed the same sentence. Smith appeals his sentence, contending that it is unreasonable because (1) the district court's finding concerning the quantity of crack attributable to him was based on co-defendant Vernon Maxwell's trial testimony, which Smith claims was not credible; (2) the court refused to consider as grounds for a variance the dismissal of a juror during his trial; and (3) the court declined to impose a variance sentence to correct the disparity between Smith's sentence and the sentences of his co-defendants. We affirm.

Initially, Smith and nine co-defendants were charged with conspiring to sell drugs in Clarksburg, West Virginia, near the Monticello Avenue Playground and a bar called the Vet's Club. All but Smith pled guilty. At Smith's trial, numerous witnesses identified him as their supplier. At his sentencing, Smith was

held responsible for 507.3 grams of crack, which resulted from the seizure of 11.2 grams of crack from the pocket of Smith's shorts during a search warrant executed at his home on July 9, 2003, and the trial testimony of the following witnesses who said they bought crack from Smith: Sammy Lockett (3.75 grams); Vernon Maxwell (375 grams); Kelli Freeman (105 grams); Henry Freeman (5 grams); Kevin Hill (3 grams); Truman White (.6 grams); and Derrick Savage (3.75 grams).

Maxwell testified at trial that, from the fall of 2002 until the day he was arrested (July 9, 2003), he bought crack from Smith "about 1,000 times." However, when Maxwell was interviewed by the prosecutor before trial, he proffered as part of his plea agreement that he bought crack from Smith about fifty times. Later Maxwell testified before the grand jury that he bought crack from Smith "about a dozen" times. When Smith's attorney confronted Maxwell at trial with his prior statement to the grand jury, Maxwell testified that he had misspoken, and should have said he bought from Smith a dozen times a day. Although he was pressed on this point and on his testimony as to how many times he saw Smith with at least a quarter of an ounce of crack,[1] Maxwell maintained that he had not lied in his grand jury testimony, but had answered quickly, without sufficient thought. At both sentencing hearings,

---

[1]In his grand jury testimony, Maxwell said he saw Smith with this amount five or six times; under cross-examination at trial, he said over a hundred times.

the district court decided that Maxwell's trial testimony was credible, despite his inconsistent prior statements.

On appeal, Smith first challenges the district court's decision to credit Maxwell's trial testimony with respect to drug quantity. We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted). When imposing a sentence after Booker, courts must still calculate the applicable advisory guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). Hughes, 401 F.3d at 546; United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). The government has the burden of proving by a preponderance of the evidence the quantity of drugs attributable to the defendant. United States v. Lipford, 203 F.3d 259, 272 (4th Cir. 2000). The district court's factual finding concerning drug quantity is reviewed for clear error.[2] Id. at 271.

---

[2]In his initial appeal, Smith challenged the district court's finding that he was responsible for 507.3 grams of crack for sentencing purposes. We remanded the case without addressing the issue on the merits. Because we did not decide the issue, the district court was not foreclosed by the mandate rule from

Smith concedes that the district court's decision concerning the drug quantity was based on its determination of the credibility of Maxwell's testimony and that credibility determinations are within the province of the factfinder. See United States v. Williams, 977 F.2d 866, 870 (4th Cir. 1992) (reviewing relevant conduct determination based on witness testimony "with due deference to the trial court's opportunity to assess credibility"). However, Smith contends that Maxwell's trial testimony diverged so dramatically from his earlier statements that the district court clearly erred in accepting it. We disagree. The district court had the opportunity to hear and observe Maxwell as he testified, and was able to assess his credibility. As a result of the vigorous cross-examination conducted by Smith's attorney, the court was well aware of the inconsistencies in Maxwell's pre-trial statements. We are satisfied that the court did not err in deciding that Maxwell's trial testimony was credible. Having made that decision, the court did not clearly err in determining that Smith was responsible for more than 500 grams of crack and that a base offense level of 32 applied.

Next, Smith argues that the district court erred by failing to consider a variance based on the dismissal of a juror. In a post-Booker sentencing, after the court calculates the

revisiting the issue at the resentencing hearing, and Smith is not foreclosed from raising it in this appeal. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

- 5 -

advisory guideline range, it must then consider whether that range "serves the factors set forth in § 3553(a) and, if not, select a sentence that does serve those factors."  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). In selecting a sentence that serves the § 3553(a) factors, "the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law." Moreland, 437 F.3d at 432.  If the resulting departure range does not address the court's concerns, the district court may impose a variance sentence.  Id.

Here, the district court sentenced Smith to the bottom of the advisory guideline range after considering defense counsel's argument for a variance based on, among other factors, Smith's conviction by eleven jurors.  Smith contends that the court erred in deciding that the dismissal of a juror was not an appropriate ground for a variance.  He contends that the dismissal of the twelfth juror made his case highly unusual in that he was deprived at trial of "the possibility that a fair and impartial twelfth juror may have disagreed with the other jurors and voted for acquittal on all counts."[3]

---

[3]The juror was dismissed because he disclosed during jury consultations that he knew of Smith some years earlier and stated that Smith was always in trouble or, as reported by the jury foreman and other jurors, stated that Smith "was a punk then and still is a punk."

We conclude that Smith has not shown that the court's refusal to vary from the guideline range rendered his sentence unreasonable. In Smith's first appeal, we found no error in his conviction by eleven jurors. Moreover, the fact of a juror's dismissal has no relation to the nature of the offense or the history and characteristics of the defendant--the factors which are the focus of § 3553(a). See United States v. Martinez, 136 F.3d 972, 980 (4th Cir. 1998) (holding that counsel's competency not relevant to consideration of § 3553(a) factors relating to nature of offense and history and characteristics of defendant).

Finally, Smith asserts that his sentence was considerably longer than the sentence of any of his nine co-defendants, and that this disparity is "simply unfair and unsupported by meaningful facts." Section 3553(a) provides that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.A. § 3553(a)(6). However, in deciding against a variance on this ground, the district court found that Smith and his co-defendants were not similarly situated. The other defendants had different criminal histories and had benefitted from plea agreements. In addition, Smith received an adjustment for obstruction of justice based on his threats to co-defendants. We

conclude that the court did not err in finding that the disparity was warranted.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>